IN THE CIRCUIT COURT OF
THE ELEVENTH JUDICIAL CIRCUIT
STATE OF MISSOURI

KRISTEN BROWN, and )
R.B. )
~~                ~~ a minor, )
by ~~  ~~ Next Friend KRISTEN BROWN, and )
A.B. )
~~              ~~ a minor, )
by ~~  ~~ Next Friend KRISTEN BROWN, and )
)
PLAINTIFFS, )  CAUSE NO. 1211-CC00339
)
)
Vs. )
)
)
KENNETH L. DAVIS, JR. )
)
DEFENDANT. )

### PETITION FOR WRONGFUL DEATH

Come Now Plaintiffs Kristen Brown, R.B. ~~            ~~ by and through ~~  ~~ Next Friend, and A.B. ~~          ~~, by and through ~~  ~~ Next Friend, by and through their attorneys WITZEL, KANZLER, DIMMITT, KENNEY & KANZLER, LLC., and for their cause state as follows:

1. Kristen Brown is a resident of St. Charles County, Missouri.

2. Kristen Brown was the wife of Kyle Brown at the time of his death on December 14, 2011.

3. Kyle Brown was the father of R.B. ~~                        ~~ and the father of A.B. ~~          ~~

4. R.B. ~~[redacted]~~ is a minor, presently thirteen years of age, residing with his mother Kristen Brown in St. Charles County, Missouri.

5. A.B. ~~[redacted]~~ is a minor, presently thirteen years of age, residing with his mother Kristen Brown in St. Charles County, Missouri.

6. Kristen Brown brings this action on behalf of herself as the surviving wife of Kyle Brown, on behalf of R.B. ~~[redacted]~~ acting as his Next Friend, and on behalf of A.B. ~~[redacted]~~ acting as his Next Friend.

7. Defendant Kenneth L. Davis, Jr. is a resident of the State of Illinois.

8. This action for Wrongful Death is brought under the provisions of the Missouri Wrongful Death Statute, R.S.Mo. § §537.080 et seq., by the proper parties to bring such action: Kristen Brown individually as the surviving wife of Kyle Brown; and A.B. ~~[redacted]~~ by and through his Next Friend and R.B. ~~[redacted]~~ by and through his Next Friend, they being the surviving children of Kyle Brown.

9. At all times herein pertinent U. S. Route 54 was an open and public highway in the State of Missouri and in the State of Illinois.

10. The bridge known as the "Champ Clark Bridge" crosses the Mississippi River at and near the City of Louisiana, Missouri, and is part of U. S. Route 54 where it crosses the state boundary line between the State of Missouri and the State of Illinois located in the channel of the Mississippi River.

11. The Champ Clark Bridge is maintained and controlled by the State of Missouri through the Missouri Department of Transportation.

12. Jurisdiction over this action is conferred upon the State of Missouri pursuant to the 1820 Act of Congress of the United States of America by which the

State of Missouri was admitted into the Union of the United States of America (3St. at Large 545), the Act of Congress of the United States of America of April 18, 1818 by which the State of Illinois was admitted into the Union of the United States of America (3 St. at Large, 428), as well as additional laws and cases of the State of Missouri and additional laws and cases of the State of Illinois implementing such Acts of Congress, providing that the State of Missouri shall have jurisdiction for acts occurring over the Mississippi River.

13. Venue is properly vested in this Court pursuant to V.A.M.S. 508.010 in that defendant is a non-resident of the State of Missouri, the death of Kyle Brown occurred outside the State of Missouri, and all plaintiffs reside in St. Charles County, Missouri.

14. On December 14, 2011 Kyle Brown was operating his motor vehicle upon the Champ Clark Bridge in an easterly direction at the same time and place that Defendant Kenneth L. Davis, Jr. was operating a truck pulling a trailer in a westerly direction.

15. At such time and place a motorized machine known as a log dragger was loaded on the trailer being towed by Defendant.

16. Approximately 500 feet east of the boundary line between the State of Missouri and the State of Illinois, the area being on the Champ Clark Bridge and over the channel of the Mississippi River, Defendant caused and allowed his truck, trailer, and log dragger to come into violent collision with the north side of the bridge and with the motor vehicle being operated by Kyle Brown.

17. As a direct and proximate cause of the collision Kyle Brown was killed.

18. In operating his truck and trailer, Defendant Kenneth L. Davis, Jr. was careless, reckless and negligent in one or more of the following manners:

    a. He failed to keep a proper lookout;

    b. He operated his truck at an excessive speed for the conditions then and there present;

    c. He failed to yield the right-of-way;

    d. He failed to stop;

    e. He allowed his truck, trailer and/or load to come into collision with the side of the bridge;

    f. He allowed his truck, trailer and/or load to cross into the oncoming lane of traffic;

    g. He operated his truck, trailer and load onto the bridge at a time when it was not reasonably safe to do so; and

    h. He caused and allowed the load on his trailer to become disengaged from the trailer.

19. As a direct and proximate result of the carelessness, recklessness and negligence of Defendant Kenneth L.Davis, Jr. as more fully alleged above, Kristen Brown has been forced to expend monies for Kyle's death, funeral, burial and other expenses, all in an amount which at this time is not known with exactitude by her; furthermore, Kristen Brown has been forever deprived of Kyle's services, consortium, comfort, companionship, instruction, guidance, counsel, training and

support, and has forever lost the benefit derived from any past and future income provided by decedent.

20. As a direct and proximate result of the carelessness, recklessness and negligence of Defendant Kenneth L. Davis, Jr. as more fully alleged above, R.B. and A.B. ~~[redacted]~~ have been forever deprived of decedent's services, comfort, companionship, instruction, guidance, counsel, training and support, and have forever lost the benefit derived from any past and future income provided by decedent.

21. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendant Kenneth L. Davis, Jr., Kyle Brown was caused to suffer great mental pain, anguish and suffering prior to his death, all of which constitute aggravating circumstances.

WHEREFORE, Plaintiffs Kristen Brown, R.B. & A.B. ~~[redacted]~~ pray judgment against Defendant Kenneth L. Davis, Jr. for such damages for the wrongful death of Kyle Brown as are fair and reasonable, together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

WITZEL, KANZLER, DIMMITT KENNEY & KANZLER, LLC

*[signature]*

Richard C. Witzel, # 22690
David A. Dimmitt, #39555
2001 S. Big Bend Blvd.
St. Louis, MO 63117
(314) 645-5367
(314) 645-5387 fax
Attorneys for Plaintiff