IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| KRISTEN BROWN and R.B., a Minor by and through his Next Friend Kristen Brown and A.B., a Minor, by and through his Next Friend Kristen Brown, | ) ) ) ) ) | Case No.    4:12-cv-00649-AGF |
| Plaintiffs, | ) ) | JURY TRIAL REQUESTED |
| vs. | ) ) | |
| KENNETH L. DAVIS, JR., | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFFS' PETITION**

Comes now Defendant, by and through his attorneys, and for his Answer to Plaintiffs' Petition states as follows:

1. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 1 and therefore denies same.

2. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 2 and therefore denies same.

3. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 3 and therefore denies same.

4. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 4 and therefore denies same.

5. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 5 and therefore denies same.

6. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 6 and therefore denies same.

7. Admit.

8. Denied.

9. Admit.

10. Admit.

11. Denied.

12. Paragraph 12 is a statement of law and not a statement of fact to which Defendant can make no answer.   To the extent facts are alleged in paragraph 12, this Defendant expressly denies same.

13. Denied.

14. Admit.

15. Admit.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. By way of further answer and defense, venue for this case is improper in St. Charles County as the injury giving rise to this suit occurred in Pike County, Missouri.

23. By way of further answer and defense, any recovery had by Plaintiffs should be reduced in proportion to the comparative fault and negligence of their decedent Kyle Brown in causing or contributing to cause his injuries.

24. By way of further answer and defense and in the alternative to the paragraph above, Defendant further states that Plaintiffs' recovery should be reduced in proportion to the comparative fault and negligence of the decedent Kyle Brown in causing or contributing to cause his injuries and in the event he is found to be 50% or more at fault for the accident Plaintiff should be barred from recovery by virtue of Illinois Statutes on Comparative Fault.

25. By way of further answer and defense, Plaintiffs' claim for aggravating circumstances should be dismissed for failing to state a cause of action upon which relief can be granted.

WHEREFORE, having fully answered Plaintiffs' Petition, Defendant prays to be dismissed hence, for his costs and for any further such relief as the Court deems just and proper.

/s/ **Daniel E. Wilke**
Daniel E. Wilke #24464MO
James A. Wilke #51242MO
Attorneys for Defendant
WILKE & WILKE, P.C.
2708 Olive Street
St. Louis, Missouri 63103
314-371-0800
Fax: 314-371-0900
wilke@wilkewilke.net

I hereby certify that on April 12, 2012   the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Richard C. Witzel
Attorney at Law
2001 S. Big Bend Boulevard
St. Louis, MO 63117
ATTORNEY FOR PLAINTIFFS

                                          **/s/ Daniel E. Wilke**
                                          Daniel E. Wilke #24464MO
                                          James A. Wilke #51242MO
                                          Attorneys for Defendant
                                          2708 Olive Street
                                          St. Louis, Missouri 63103
                                          314-371-0800

JAW:lb