UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KRISTEN BROWN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12CV00649 AGF |
| ) | |
| KENNETH L. DAVIS, JR., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs Kristen Brown, Ryan Brown, and Alex Brown brought this action under the Missouri Wrongful Death Statute, Mo. Rev. Stat. §§ 537.080 *et seq*., against Defendant Kenneth L. Davis, Jr. in the Circuit Court for St. Charles County, Missouri. On April 11, 2012, Defendant filed a timely notice of removal to this Court pursuant to 28 U.S.C §§ 1441(a) and 1446(a).[1]

Now before the Court are Plaintiffs' motion to remand the action to state court, or in the alternative, to transfer venue (Doc. No. 12), and Defendant's motion to strike Paragraph 21 of the complaint (Doc. No. 10).  Upon consideration of the parties' filings and for the reasons set forth below, the Court will deny both Plaintiffs' motion to remand or transfer venue and Defendant's motion to strike.

---

[1] Plaintiffs allege that they are residents of St. Charles County, Missouri, and that Defendant is an Illinois resident. (Doc. No. 1-3.)

**Motion to Remand**

On April 20, 2012, Plaintiff moved to remand[2] this action to the Circuit Court for Saint Charles County, Missouri, noting defects in the notice of removal with respect to proper divisional venue. Plaintiffs point out that in the notice of removal Defendant refers to both the Northern Division (Doc. No. 1, pgs.1-2), and the Eastern Division (Doc. No. 1, ¶2) of this District as proper places of venue for this action. In addition, Defendant's pleadings and memoranda bear captions designating the matter as a Northern Division case. Upon receipt of the notice of removal the Clerk of the Court assigned the case to the Eastern Division.

Plaintiffs contend that the inconsistencies with respect to venue render the notice procedurally defective and subject to remand pursuant to 28 U.S.C. § 1447(c). Defendant objects, asserting that the procedural defect does not deprive the Court of subject matter jurisdiction and that therefore remand is not required. In the alternative, Plaintiffs seek a transfer of venue to the Eastern Division of this District.

Because they may implicate a state's interest in resolving controversies in its own courts, removal statutes are strictly construed, and the removing party bears the burden of proof on a motion to remand. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). In removal cases venue is governed by 28 U.S.C. § 1441(a), which places venue in the district and division embracing the place where the state court action is

---

[2] "A motion to remand the case on the basis of a defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. §1447(c).

pending. *St. Clair v. Spigarelli, P.C.,* 348 Fed. Appx. 190, 192 (8th Cir. 2009). In this case, venue is proper in the Eastern Division of this District, pursuant to § 1441(a) and E.D.Mo. L.R. 3-2.07(A)(1).[3]

Here the record indicates and the parties agree that the Court has subject matter jurisdiction based upon diversity of citizenship. *See* 28 U.S.C. § 1441(a). Thus the Court must determine whether a technical procedural defect, removal to the wrong division, mandates remand under § 1447(c). The Circuit Courts of Appeal are split on this issue and the Eighth Circuit has not decided a case in which the precise issue was presented on appeal. *Scoular Co. v. DJCB Farm Partnership*, No. 2:09CV00061–WRW, 2009 WL 2241592, at *2 n. 23 (E.D. Ark. Jul. 24, 2009) (collecting cases).[4] However, in a similar but not identical case the Eighth Circuit held that another procedural defect, the failure of all defendants to join in a removal petition, was not jurisdictional and could therefore be waived by the party seeking remand. *Nolan v. Prime Tanning, Inc.*, 871 F.2d 76,78 (8th Cir. 1989). In addition, district courts within the Eighth Circuit have held that removal to the wrong division is procedural, not jurisdictional. *See, e.g.*, *Scoular Co.*, 2009 WL

---

[3] The Local Rule provides in pertinent part: "The Eastern Division [of the United States District Court for the Eastern District of Missouri ] comprises the count[y] of . . . Saint Charles . . . ."

[4] The conflicting views are exemplified by the following cases. *Compare Mach v. Triple D Supply, LLC*, 773 F. Supp. 2d 1018, 1030-31 (D.N.M. 2011) (holding that because removal is entirely a statutory right, failure to comply with the express statutory requirements for removal can render the removal defective and justify a remand) *with Perkins v. Beltway Capital, LLC,* 773 F. Supp. 2d 553, 556 (E.D. Pa. 2011) (holding that an irregularity in the removal of a case to federal court is considered jurisdictional and therefore, a basis for remand, only if the case could not initially have been filed in federal court).

2241592, at *2.  In light of the Eighth Circuit's analysis in *Nolan*, the Court holds that the divisional venue defect here is not jurisdictional and will deny Plaintiff's motion to remand.  871 F.2d at 78.

**Motion to Transfer Venue**

Plaintiffs seek, in the alternative, to transfer venue to the Eastern Division of this District.  If a transfer of venue was necessary, it would be authorized under 28 U.S.C. §§ 1404(a) and 1406(a).  *See Scoular Co.*, 2009 WL 2241592, at *1; *Kilber v. Warren Transp., Inc.*, 2006 WL 1763670, at *1-2 (D.N.D. 2006) ("The Court may, in the interests of justice, transfer an improperly removed case to any division in which it could have been brought pursuant to 28 U.S.C. §§ 1406(a) and 1404(a).").  Inasmuch as the case is already assigned to the Eastern Division, the request for transfer of venue will be denied as moot.

**Motion to Strike**

In Paragraph 21 of their complaint, Plaintiffs allege that "[a]s a further direct and proximate result of the carelessness, recklessness and negligence of Defendant . . . [the decedent] was caused to suffer great mental pain, anguish and suffering prior to his death, all of which constitute aggravating circumstances." (Doc. No. 1-3, p.4.)  Defendant seeks to strike these allegations as "immaterial" asserting that the damages alleged are not recoverable as a matter of law.  Specifically, Defendant asserts that conscious pain and suffering is not an "aggravating circumstance" within the meaning of the Missouri

-4-

wrongful death statute. *See* Mo. Rev. Stat. § 537.090.[5] Plaintiffs respond that Paragraph 21 properly alleges "aggravating circumstances" and that such damages are recoverable under Mo. Rev. Stat. § 537.090.

Under Rule 12(f) of the Federal Rules of Civil Procedure, this Court may strike "any redundant, immaterial, impertinent, or scandalous matter" set forth in the pleadings. In ruling on a motion to strike pursuant to Rule 12(f), a court must construe the pleadings in the light most favorable to the nonmoving party and even where allegations are redundant or immaterial, they should be stricken "only if prejudicial to the moving party." *Giblee v. RJW Transp., Inc.*, Nos.1:10CV0060SNLJ, 1:10CV0120SNLJ, 2010 WL 4974863, at *2 (E.D. Mo. 2010)*; see also Morgan v. Midwest Neurosurgeons, LLC*, No. 1:11CV37 CEJ, 2011 WL 2731534, at *1 (E.D. Mo. July 12, 2011). In short, motions to strike are disfavored and infrequently granted. *Giblee*, 2010 WL 4974863, at *2 (citing 2 James W. Moore, *et al.*, Moore's Federal Practice § 12.37[3] (3d ed. 2009)).

A prayer for relief not available under the applicable law, or claim for damages in excess of the maximum recovery permitted by law, may, however, be subject to a motion

---

[5] Mo. Rev. Stat. § 537.090 provides in pertinent part: "In every action brought under section 537.080, the trier of the facts may give to the party . . . entitled thereto . . . damages . . . for the death and . . . losses suffered by reason of the death, funeral expenses, and the reasonable value of [lost] services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support. . . . In addition, the trier of the facts may award such damages as the deceased may have suffered between the time of injury and the time of death . . . . The **mitigating or aggravating circumstances** attending the death may be considered by the trier of the facts, but damages for grief and bereavement by reason of the death shall not be recoverable." (emphasis added).

to strike. *See*, *e.g.*, *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 574 (E.D. Mo.1997) (striking claim for punitive damages against municipality).

Defendant incorrectly asserts that the Missouri wrongful death statute precludes recovery for conscious pain and suffering as "aggravating circumstances." Under Missouri law a plaintiff can recover for aggravating circumstances based upon a defendant's "'complete indifference to or conscious disregard for the safety of others.'" *Giblee*, 2010 WL 4974863, at *2 (quoting *Lopez v. Three Rivers Elec. Coop., Inc.*, 26 S.W. 3d 151, 160 (Mo. 2000)); *see also Bennett v. Owens Corning Fiberglas Corp.*, 896 S.W. 2d 464, 466 (Mo. 1995) (en banc) (holding that "aggravating circumstance damages in wrongful death cases are the equivalent of punitive damages" and are recoverable if accompanied by due process safeguards).

In this case, Plaintiffs adequately allege aggravating circumstances arising from Defendant's carelessness, recklessness, and negligence. *See Giblee*, 2010 WL 4974863, at *2. Whether Plaintiffs ultimately succeed in "presenting evidence of [D]efendant's culpable mental state" is not a matter of concern for purposes of a motion to strike. *Id.* (quoting *Smith v. Brown & Williamson Tobacco Corp.*, 275 S.W.3d 748, 813 (Mo. Ct. App. 2008)). Because the allegations in Paragraph 21 are not immaterial, and the Court cannot determine at this stage that they are not recoverable as a matter of law, Defendant's motion to strike will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand, or in the alternative, to transfer this cause to another division of this District is **DENIED**.  (Doc. No.12.)

**IT IS FURTHER ORDERED** that Defendant's motion to strike is **DENIED**. (Doc. No.10.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2012