IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KRISTEN BROWN, and )<br>)<br>R.B. a minor, )<br>By his Next Friend KRISTEN BROWN, and)<br>)<br>A. B., a minor, )<br>By his Next Friend KRISTEN BROWN, )<br>)<br>        PLAINTIFFS, )<br>)<br>)<br>Vs. )<br>)<br>)<br>KENNETH L. DAVIS, JR., and )<br>)<br>WILLIAM DAVIS, and )<br>)<br>WILLIAM DAVIS LOGGING, INC., )<br>an Illinois corporation, )<br>)<br>        DEFENDANTS. ) | CAUSE NO.  4:12CV00649AGF<br><br>**JURY TRIAL DEMANDED**<br>**AS TO ALL COUNTS** |

AMENDED COMPLAINT FOR WRONGFUL DEATH

    Come Now Plaintiffs Kristen Brown, R.B., by and through his Next Friend, and A.B., by and through his Next Friend, by and through their attorneys WITZEL, KANZLER, DIMMITT & KANZLER, L.L.C., and THE STOLAR PARTNERSHIP, LLP, and for their causes against Defendants state as follows:

ALLEGATIONS COMMON TO ALL COUNTS

    1.    Kristen Brown is a citizen of the State of Missouri and resident of St. Charles County, Missouri.

1

2.	Kristen Brown was the wife of Kyle Brown at the time of his death on December 14, 2011.

3.	Kyle Brown was the father of R.B. and the father of A.B.

4.	R.B. is a minor, presently fourteen years of age, a citizen of the State of Missouri, residing with his mother, Kristen Brown, in St. Charles County, Missouri.

5.	A.B. is a minor, presently fourteen years of age, a citizen of the State of Missouri, residing with his mother, Kristen Brown, in St. Charles County, Missouri.

6.	Kristen Brown brings this action on behalf of herself as the surviving wife of Kyle Brown, on behalf of A.B. acting as his Next Friend, and on behalf of R.B. acting as his Next Friend.

7.	Defendant Kenneth L. Davis, Jr. is a citizen and resident of the State of Illinois.

8.	Defendant William Davis is a citizen and resident of the State of Illinois.

9.	Defendant William Davis Logging, Inc. is a corporation incorporated and existing under the laws of the State of Illinois and having its principal place of business in the State of Illinois.

10.	This action for Wrongful Death is brought under the provisions of the Missouri Wrongful Death Statute, R.S.Mo. § §537.080  et seq., by the proper parties to bring such action: Kristen Brown individually as the surviving wife of Kyle Brown; and R.B., by and through his Next Friend and A.B., by and through his Next Friend, they being the only surviving children of Kyle Brown.

11.	At all times herein pertinent U. S. Route 54 was an open and public highway in the State of Missouri and in the State of Illinois.

12. The bridge known as the "Champ Clark Bridge" crosses the Mississippi River at and near the City of Louisiana, Missouri, and is part of U. S. Route 54 where it crosses the state boundary line between the State of Missouri and the State of Illinois located in the channel of the Mississippi River.

13. The Champ Clark Bridge is maintained and controlled by the State of Missouri through the Missouri Department of Transportation.

14. Jurisdiction over this action is conferred upon the State of Missouri pursuant to the 1820 Act of Congress of the United States of America by which the State of Missouri was admitted into the Union of the United States of America (3St. at Large 545), the Act of Congress of the United States of America of April 18, 1818 by which the State of Illinois was admitted into the Union of the United States of America (3 St. at Large, 428), as well as additional laws and cases of the State of Missouri and additional laws and cases of the State of Illinois implementing such Acts of Congress, providing that the State of Missouri shall have jurisdiction for acts occurring over the Mississippi River.

15. Jurisdiction is conferred in this Court pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between plaintiffs and defendants, and the amount in controversy is in excess of $75,000.

16. Venue is properly vested in this Court pursuant to 28 U.S.C. §1446(a) in that this cause was originally filed in the Circuit Court of St. Charles County, Missouri pursuant to V.A.M.S. 508.010 because Defendant Kenneth L. Davis, Jr. was a non-resident of the State of Missouri, and all plaintiffs were residents of St. Charles County, Missouri, and therefore, this matter was subsequently removed to this Court. Venue as to Defendant William Davis and Defendant William Davis Logging, Incorporated is properly vested in this Court pursuant to 28

U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

17. Personal jurisdiction over Defendant William Davis is vested in the Courts of the State of Missouri and this Court pursuant to V.A.M.S.§ 506.500 (Missouri Long-Arm Statute) in that this cause arose from the commission of tortious acts within the State of Missouri by Defendant William Davis.

18. Personal jurisdiction over Defendant William Davis Logging, Incorporated is vested in the Courts of the State of Missouri and this Court pursuant to Missouri Long-Arm Statute in that this cause arose from (1) the commission of tortious acts within the State of Missouri by Defendant William Davis Logging, Incorporated; (2) the transaction of business in the State of Missouri by Defendant William Davis Logging, Incorporated; and (3) the making of a contract within the State of Missouri by Defendant William Davis Logging, Incorporated.

COUNT I

NEGLIGENCE, CARELESSNESS AND RECKLESSNESS
of KENNETH L. DAVIS, JR.

Come Now Plaintiffs, by and through their attorneys, and for their causes against Defendant Kenneth L. Davis, Jr., state as follows:

19. Plaintiffs incorporate by reference as if here set forth in full the allegations contained in Paragraph 1 through and including Paragraph 18 hereof .

20. The Champ Clark Bridge has a deck surface for travel 20 feet in width which is divided into one eastbound lane ten feet wide and one westbound lane ten feet wide.

21. On December 14, 2011 it was not reasonably safe to enter upon or drive across the Champ Clark Bridge with a vehicle, including items loaded thereon, which had an effective

4

width of approximately ten feet or more when there was vehicular traffic traveling in the oncoming lane.

22. On December 14, 2011 Kyle Brown was operating his motor vehicle upon the Champ Clark Bridge in an easterly direction at the same time and place that Defendant Kenneth L. Davis, Jr. was operating a truck pulling a trailer in a westerly direction.

23. At such time and place a motorized machine known as a John Deere Model 540B log dragger (hereafter "log dragger") was loaded on the trailer being towed by Defendant Kenneth L. Davis, Jr.

24. At the time Defendant Kenneth L. Davis, Jr. was operating the truck together with its trailer and load, the effective width was approximately ten feet or more.

25. At the time Defendant Kenneth L. Davis drove onto the Champ Clark Bridge, he knew it was not reasonably safe to drive the truck together with its trailer and load on the bridge with eastbound traffic present on the bridge.

26. While on that portion of the Champ Clark Bridge located within the State of Illinois, Defendant Kenneth L. Davis caused and allowed his truck, trailer, and the log dragger to come into violent contact with the north side of the bridge dislodging the log dragger from the trailer.

27. Approximately 500 feet east of the boundary line between the State of Missouri and the State of Illinois, the area being on the Champ Clark Bridge and over the channel of the Mississippi River and within the State of Illinois, Defendant Kenneth L. Davis caused and allowed his truck, trailer, and the log dragger to come into violent contact with the vehicle being operated by Kyle Brown.

28. As a direct and proximate cause of the collision between the vehicle being operated by Kyle Brown with the truck, trailer and/or log dragger, Kyle Brown was killed.

29. In operating his truck and trailer, together with the log dragger loaded thereon, Defendant Kenneth L. Davis, Jr. was careless, reckless and negligent in one or more of the following manners:

    a.    He failed to keep a proper lookout;

    b.    He operated his truck at an excessive speed for the conditions then and there present;

    c.    He failed to yield the right-of-way;

    d.    He failed to stop;

    e.    He allowed his truck, trailer and/or load to come into collision with the side of the bridge;

    f.    He allowed his truck, trailer and/or load to cross into the oncoming lane of traffic;

    g.    He operated his truck, trailer and load onto the bridge at a time when it was not reasonably safe to do so;

    h.    He caused and allowed the load on his trailer to become disengaged from the trailer;

    i.    He operated a motor vehicle upon the highways and bridge with an oversized load without providing warnings to identify the load as oversized; and

    j.    He failed to stop eastbound traffic from traveling on the bridge during the time he was crossing the bridge with his motor vehicle, trailer and load.

6

30. As a direct and proximate result of the carelessness, recklessness and negligence of Defendant Kenneth L. Davis, Jr. as more fully alleged above, Kristen Brown has been forced to expend monies for Kyle Brown's death, funeral, burial and other expenses, all in an amount which at this time is not known with exactitude by her; furthermore, Kristen Brown has been forever deprived of Kyle Brown's services, consortium, comfort, companionship, instruction, guidance, counsel, training and support, and has forever lost the benefit derived from past and future income provided by Kyle Brown.

31. As a direct and proximate result of the carelessness, recklessness and negligence of Defendant Kenneth L. Davis, Jr. as more fully alleged above, R.B. and A.B. have been forever deprived of Kyle Brown's services, comfort, companionship, instruction, guidance, counsel, training and support, and have forever lost the benefit derived from past and future income provided by Kyle Brown.

32. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendant Kenneth L. Davis, Jr., as more fully alleged above, Kyle Brown was caused to suffer great mental pain, anguish and suffering prior to his death, all of which constitute aggravating circumstances.

33. The actions and omissions of Defendant Kenneth L. Davis, Jr., as more fully alleged above, were willful, wanton, and performed in careless disregard for the safety of those members of the public traveling upon the highways and the Champ Clark Bridge, including Kyle Brown, all of which constitute aggravating circumstances.

WHEREFORE, Plaintiffs Kristen Brown, R.B., and A.B. pray judgment against Defendant Kenneth L. Davis, Jr. for such damages for the wrongful death of Kyle Brown, including damages for aggravating circumstances, as are fair and reasonable, together with any

and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

## COUNT II

### NEGLIGENCE, CARELESSNESS AND RECKLESSNESS of WILLIAM DAVIS

Come Now Plaintiffs, by and through their attorneys, and for their causes against Defendant William Davis, state as follows:

34. Plaintiffs incorporate by reference as if here set forth in full the allegations contained in Paragraph 1 through and including Paragraph 33 hereof.

35. Prior to the time Defendant Kenneth L. Davis drove onto the Champ Clark Bridge, Defendant William Davis knew it was not reasonably safe for Kenneth L. Davis to drive the truck together with its trailer and load on the bridge with eastbound traffic present on the bridge.

36. Defendant William Davis agreed with Defendant Kenneth L. Davis to precede Defendant Kenneth L. Davis onto and over the bridge to verify that no eastbound vehicular traffic was on the bridge and to block eastbound traffic from the bridge while Defendant Kenneth L. Davis was driving westbound on the bridge.

37. Prior to Defendant Kenneth L. Davis driving onto the bridge or the westbound approach thereto, Defendant William Davis drove onto and over the bridge to verify that no eastbound vehicular traffic was on the bridge and to block eastbound traffic from the bridge while Defendant Kenneth L. Davis was driving westbound on the bridge.

8

38. Prior to Defendant Kenneth L. Davis driving onto the bridge or the westbound approach thereto, Defendant William Davis informed Defendant Kenneth L. Davis by mobile telephone that there was no eastbound traffic on the bridge and that eastbound traffic was blocked from the bridge.

39. By undertaking to verify that no eastbound vehicular traffic was on the bridge and by agreeing to block eastbound traffic from the bridge in order to allow Defendant Kenneth L. Davis to drive westbound on the bridge without eastbound traffic being present on the bridge, Defendant William Davis had a duty to persons traveling eastbound on U.S. Route 54, including Kyle Brown, to prevent Defendant Kenneth L. Davis from driving the truck, trailer and load westbound on the Champ Clark Bridge at such time as eastbound traffic was present on the bridge.

40. In performing such duties, Defendant William Davis had a duty to act reasonably and carefully, and not to act recklessly, carelessly or negligently in his performance.

41. In the course of performing such duties Defendant William Davis acted recklessly, carelessly and negligently in the following manners, to wit:

    a. He failed to keep a careful lookout;

    b. He failed to see the vehicle being operated by Kyle Brown at and on the bridge at a time when it was capable of being seen;

    c. He failed to stop the vehicle operated by Kyle Brown from traveling eastbound on the bridge at a time that Defendant Kenneth L. Davis, Jr. was operating the truck, trailer and load westbound on the bridge;

    d. He failed to notify Defendant Kenneth L. Davis, Jr. that Kyle Brown was traveling eastbound on the bridge;

9

  e. He failed to warn Kyle Brown that Defendant Kenneth L. Davis was operating the truck, trailer and load westbound on the bridge;

  f. He notified Defendant Kenneth L. Davis, Jr. that the bridge was free of eastbound traffic at a time that the vehicle operated by Kyle Brown was traveling eastbound on the bridge; and

  g. He failed to keep Defendant Kenneth L. Davis from entering onto the Champ Clark Bridge at a time that Kyle Brown was traveling eastbound on the bridge.

42. As a direct and proximate result of the carelessness, recklessness and negligence of Defendant William Davis as more fully alleged above, Kristen Brown has been forced to expend monies for Kyle Brown's death, funeral, burial and other expenses, all in an amount which at this time is not known with exactitude by her; furthermore, Kristen Brown has been forever deprived of Kyle Brown's services, consortium, comfort, companionship, instruction, guidance, counsel, training and support, and has forever lost the benefit derived from past and future income provided by Kyle Brown.

43. As a direct and proximate result of the carelessness, recklessness and negligence of Defendant William Davis as more fully alleged above, R.B. and A.B. have been forever deprived of Kyle Brown's services, comfort, companionship, instruction, guidance, counsel, training and support, and have forever lost the benefit derived from past and future income provided by Kyle Brown.

44. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendant William Davis, as more fully alleged above, Kyle Brown was caused to suffer great mental pain, anguish and suffering prior to his death, all of which constitute aggravating circumstances.

45.     The actions and omissions of Defendant William Davis, as more fully alleged above, were willful, wanton, and performed in careless disregard for the safety of those members of the public traveling upon the highways and the Champ Clark Bridge, including Kyle Brown, all of which constitute aggravating circumstances.

WHEREFORE, Plaintiffs Kristen Brown, R.B., and A.B. pray judgment against Defendant William Davis for such damages for the wrongful death of Kyle Brown, including damages for aggravating circumstances, as are fair and reasonable, together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

## COUNT III

### NEGLIGENCE, CARELESSNESS AND RECKLESSNESS of WILLIAM DAVIS LOGGING, INC.

Come Now Plaintiffs, by and through their attorneys, and for their causes against Defendant William Davis Logging, Inc., state as follows:

46.     Plaintiffs incorporate by reference as if here set forth in full the allegations contained in Paragraph 1 through and including Paragraph 45 hereof.

47.     At all times herein pertinent, Defendant William Davis Logging, Inc. (hereafter "WDLI") was engaged in business in the State of Illinois.

48.     As part of its business activities, WDLI bought and sold various types of mechanized equipment, including equipment utilized in logging operations.

49.     On and prior to December 14, 2011 WDLI was the owner of the log dragger.

50.     On and prior to December 14, 2011 WDLI had agreed to sell the log dragger and to have the log dragger delivered to the purchaser located in the State of Missouri.

51. On December 14, 2011 WDLI shipped the log dragger from Atlas, Illinois on the truck and trailer operated by Defendant Kenneth L. Davis, Jr. for delivery to the purchaser in Eolia, Missouri.

52. In shipping the log dragger, WDLI had a duty to utilize reasonably safe procedures and methods, including selecting and using truck drivers and equipment implementing safe procedures and methods.

53. Defendant William Davis owned the truck and the trailer used for transporting the log dragger.

54. Prior to shipping WDLI knew which truck and trailer would be used to ship the log dragger, and knew that Defendant Kenneth L. Davis would be the driver.

55. Prior to shipping the log dragger WDLI was aware, or should have been aware, that the log dragger was of a size, shape and weight that required special precautions during shipping for the protection of those persons traveling upon the public highways and bridges including, but not limited to:

   a. stopping eastbound traffic from traveling upon the Champ Clark Bridge at such times that the log dragger was being transported across the bridge;

   b. placing signs on the truck warning that the load was oversized;

   c. providing the log dragger and transporting vehicles with flagging and warning devices to alert traffic of the width of the truck , trailer and log dragger; and

   d. providing a warning vehicle to proceed the truck, trailer and log dragger to provide a warning of the load dimensions to persons travelling upon the highway.

56. By shipping the log dragger, WDLI had a duty to persons traveling eastbound on U.S. Route 54, including Kyle Brown, to prevent them from being on the Champ Clark Bridge at

such time as Defendant Kenneth L. Davis was driving the truck, trailer and load eastbound on the bridge and to warn of the oversized load.

57. In performing such duties, WDLI had a duty to act reasonably and carefully, and not to act recklessly, carelessly or negligently in its performance.

58. In the course of performing such duties WDLI acted negligently, carelessly, and recklessly in the following manners, to wit:

    a. it failed to stop, or have its shipper stop, eastbound traffic from traveling upon the Champ Clark Bridge at such times that the log dragger was being transported across the bridge;

    b. it knew that eastbound traffic was not stopped from traveling upon the Champ Clark Bridge at such times that the log dragger was being transported across the bridge;

    c. it failed to place signs, or to have its shipper place signs, on the truck warning that the load was oversized;

    d. it knew that signs were not on the truck warning that the load was oversized;

    e. it failed to equip, or to have its shipper equip, the log dragger and transporting vehicles with flagging and warning devices to alert oncoming traffic of the width of the truck , trailer and log dragger;

    f. it knew that the log dragger and transporting vehicles were not equipped with flagging and warning devices to alert oncoming traffic of the width of the truck, trailer and log dragger;

   g. it failed to provide, or to have its shipper provide, a warning vehicle to proceed the truck, trailer and log dragger; and

   h. it knew that no warning vehicle was proceeding the truck, trailer and log dragger; and

 59. As a direct and proximate result of the carelessness, recklessness and negligence of Defendant WDLI, as more fully alleged above, Kristen Brown has been forced to expend monies for Kyle Brown's death, funeral, burial and other expenses, all in an amount which at this time is not known with exactitude by her; furthermore, Kristen Brown has been forever deprived of Kyle Brown's services, consortium, comfort, companionship, instruction, guidance, counsel, training and support, and has forever lost the benefit derived from past and future income provided by Kyle Brown.

 60. As a direct and proximate result of the carelessness, recklessness and negligence of Defendant WDLI, as more fully alleged above, R.B. and A.B. have been forever deprived of Kyle Brown's services, comfort, companionship, instruction, guidance, counsel, training and support, and have forever lost the benefit derived from past and future income provided by Kyle Brown.

 61. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendant WDLI, as more fully alleged above, Kyle Brown was caused to suffer great mental pain, anguish and suffering prior to his death, all of which constitute aggravating circumstances.

 62. The actions and omissions of Defendant WDLI, as more fully alleged above, were willful, wanton, and performed in careless disregard for the safety of those members of the

public traveling upon the highways and the Champ Clark Bridge, including Kyle Brown, all of which constitute aggravating circumstances.

WHEREFORE, Plaintiffs Kristen Brown, R.B., and A.B. pray judgment against Defendant William Davis Logging, Inc. for such damages for the wrongful death of Kyle Brown, including damages for aggravating circumstances, as are fair and reasonable, together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

WITZEL, KANZLER,
DIMMITT & KANZLER, LLC


 s/David A. Dimmitt
Richard C. Witzel, # 22690
David A. Dimmitt, #39555
2001 S. Big Bend Blvd.
St. Louis, MO 63117
(314) 645-5367
(314) 645-5387 fax


THE STOLAR PARTNERSHIP LLP


 /s/Michael A. Fischer
Michael A. Fisher      #23524
Jay L. Levitch          #25503
911 Washington Avenue, 7th Floor
St. Louis, MO  63101
314.231.2800
Attorneys for Plaintiffs

15

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 20, 2013 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the filing:

James DeFranco
DeFranco & Bradley, P.C.
141 Market Place, Suite 104
Fairview Heights, Illinois 62208
(618) 628-2000
(618) 628-2007 - fax
Attorney for Defendant

                     By: /s/David A. Dimmitt