IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| KRISTEN BROWN and R.B., a Minor by and through his Next Friend Kristen Brown and A.B., a Minor by and through his Next Friend Kristen Brown, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | No.   4:12-cv-00649-AGF |
| KENNETH L. DAVIS, JR., ) ) | |
| Defendant. ) | |

## ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant, Kenneth L. Davis, Jr., by and through his attorneys, James E. DeFranco and Darrell J. Flesner of DeFranco & Bradley, P.C., for his response to plaintiffs' amended complaint, states:

## COUNT I

1. Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 1 of Count I of plaintiffs' amended complaint and, therefore, denies them.

2. Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 2 of Count I of plaintiffs' amended complaint and, therefore, denies them.

3. Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 3 of Count I of plaintiffs' amended complaint and, therefore, denies them.

4. Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 4 of Count I of plaintiffs' amended complaint and, therefore, denies them.

5. Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 5 of Count I of plaintiffs' amended complaint and, therefore, denies them.

6. Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 6 of Count I of plaintiffs' amended complaint and, therefore, denies them.

7. Defendant admits the allegations set forth in paragraph 7 of Count I of plaintiffs' amended complaint.

8. Defendant admits the allegations set forth in paragraph 8 of Count I of plaintiffs' amended complaint.

9. Defendant admits the allegations set forth in paragraph 9 of Count I of plaintiffs' amended complaint.

10. The allegations set forth in paragraph 10 of Count I of plaintiffs' amended complaint state conclusions of law to which no response is required.

11. Defendant admits the allegations set forth in paragraph 11 of Count I of plaintiffs' amended complaint.

12. Defendant admits the allegations set forth in paragraph 12 of Count I of plaintiffs' amended complaint.

13. Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 13 of Count I of plaintiffs' amended complaint and, therefore, denies them.

14. The allegations set forth in paragraph 14 of Count I of plaintiffs' amended complaint state conclusions of law to which no response is required.

15. The allegations set forth in paragraph 15 of Count I of plaintiffs' amended complaint state conclusions of law to which no response is required.

16. Defendant admits that he is not a resident of the state of Missouri.  Defendant lacks sufficient information to admit or deny whether plaintiffs were residents of St. Charles County, Missouri, and, therefore, denies the allegation.  To the extent the remaining allegation

set forth in paragraph 16 of Count I of plaintiffs' amended complaint state conclusions of law, no response is required.  To the extent the remaining allegations set forth in paragraph 16 of Count I of plaintiffs' amended complaint state allegations of fact, defendant denies them.

17. The allegations set forth in paragraph 17 of Count I of plaintiffs' amended complaint are conclusions of law to which no response is required.

18. The allegations set forth in paragraph 18 of Count I of plaintiffs' amended complaint are conclusions of law to which no response is required.

19. Defendant refers plaintiff to its responses to paragraphs 1-18 of Count I of plaintiffs' amended complaint.

20. Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 20 of Count I of plaintiffs' amended complaint and, therefore, denies them.

21. Defendant denies the allegations set forth in paragraph 21 of Count I of plaintiffs' amended complaint.

22. Defendant admits the allegations set forth in paragraph 22 of Count I of plaintiffs' amended complaint.

23. Defendant admits the allegations set forth in paragraph 23 of Count I of plaintiffs' amended complaint.

24. Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 24 of Count I of plaintiffs' amended complaint and, therefore, denies them.

25. Defendant denies the allegations set forth in paragraph 25 of Count I of plaintiffs' amended complaint.

26. Defendant admits that some part of the tract, trailer, or log skidder made contact with the north side of the bridge dislodging the log skidder from the trailer, but denies the remaining allegations set forth in paragraph 26 of Count I of plaintiffs' amended complaint.

27. Defendant denies the allegations set forth in paragraph 27 of Count I of plaintiffs' amended complaint.

28. Defendant admits that the load falling on decedent's car caused decedent's death but denies the remaining all allegations set forth in paragraph 28 of Count I of plaintiffs' amended complaint.

29. Defendant denies the allegations set forth in paragraph 29 of Count I of plaintiffs' amended complaint and each subparagraph thereof.

30. Defendant denies that the injuries and damages set forth in paragraph 30 of Count I of plaintiffs' amended complaint were caused by any careless, reckless, and/or negligent act of defendant.

31. Defendant denies that the injuries and damages set forth in paragraph 31 of Count I of plaintiffs' amended complaint were caused by any careless, reckless, and/or negligent act of defendant.

32. Defendant denies that the injuries and damages set forth in paragraph 32 of Count I of plaintiffs' amended complaint were caused by any careless, reckless, and/or negligent act of defendant.

33. Defendant denies the allegations set forth in paragraph 33 of Count I of plaintiffs' amended complaint.

**FIRST AFFIRMATIVE DEFENSE**

Further answering, without waiving defendant's denial of liability, defendant states that plaintiffs' amended complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Further answering, without waiving defendant's denial of liability to plaintiff, defendant states that the sole proximate cause of the injuries and damages set forth in Count I of plaintiffs' amended complaint were the intervening acts or omissions of persons or entities other than defendant over which defendant had no control.

**THIRD AFFIRMATIVE DEFENSE**

Further answering, without waiving defendant's denial of liability, defendant states that, if a judgment is rendered against defendant in any amount, defendant intends to invoke the provisions of RSMo. 537.067, which provides that if a defendant is found to be less than fifty-one percent at fault, then, the defendant shall only be responsible for the percentage of the judgment for which the defendant is determined to be responsible by the trier of fact.

**DEFENDANT DEMANDS TRIAL BY JURY OF TWELVE**

**COUNT II**

Defendant makes no answer to Count II of plaintiffs' amended complaint since it is not directed against him.  Defendant denies any allegation of fact set forth in Count II of plaintiffs' amended complaint which is not specifically admitted elsewhere in his answer.

**COUNT III**

Defendant makes no answer to Count III of plaintiffs' amended complaint since it is not directed against him.  Defendant denies any allegation of fact set forth in Count II of plaintiffs' amended complaint which is not specifically admitted elsewhere in his answer.

WHEREFORE, having fully answered plaintiffs' amended complaint, defendant requests that this court enter judgment in his favor and against plaintiffs and for an award of his costs.

**DEFENDANT DEMANDS TRIAL BY JURY OF TWELVE**

          DeFRANCO & BRADLEY, P.C.

          By /s/__James E. DeFranco_____
          James E. DeFranco, #32830MO
          Darrell J. Flesner, #61537MO
          141 Market Place, Suite 104
          Fairview Heights, IL 62208
          (618) 628-2000
          (618) 628-2007 Fax
          ATTORNEYS FOR DEFENDANT
          KENNETH L. DAVIS, JR.

## PROOF OF SERVICE

The undersigned certifies that on the 6th day of March, 2013, I electronically filed **Response to Motion to Compel** with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

| | |
|---|---|
| David A. Dimmitt | david@wkllc.com |
| Jay L. Levitch | jll@stolarlaw.com |
| Michael A. Fisher | maf@stolarlaw.com |
| Lawrence R. Smith | smith@brinkerdoyen.com |

                                              DeFRANCO & BRADLEY, P.C.

                                          By /s/__James E. DeFranco_____
                                               James E. DeFranco, #32830MO
                                               Darrell J. Flesner, #61537MO
                                               141 Market Place, Suite 104
                                             Fairview Heights, IL 62208
                                             (618) 628-2000
                                             (618) 628-2007 Fax
                                             ATTORNEYS FOR DEFENDANT
                                             KENNETH L. DAVIS, JR.