# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| KRISTEN BROWN, and ) <br> R.B., an minor, By his Next Friend ) <br> KRISTEN BROWN, and ) <br> A.B., a minor, By his Next Friend ) <br> KRISTEN BROWN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> Vs. ) <br> ) <br> KENNETH L. DAVIS, JR. and ) <br> WILLIAM DAVIS, and ) <br> WILLIAM DAVIS LOGGING, INC., ) <br> ) <br> Defendants. ) | | Case No. 4:12CV00649AGF <br><br><br> **Jury Trial Demanded** |

## ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR WRONGFUL DEATH

NOW COME defendants, William Davis and William Davis Logging, Inc., by and through their attorneys, Kenneth L. Halvachs and David H. Friess, and the attorneys of Boyle Brasher LLC, and for their Answer to Plaintiffs' Amended Complaint for Wrongful Death, states as follows:

1. Defendants have insufficient knowledge to either admit or deny the allegations of paragraph 1 and they demand strict proof thereof.

2. Defendants have insufficient knowledge to either admit or deny the allegations of paragraph 2 and they demand strict proof thereof.

3. Defendants have insufficient knowledge to either admit or deny the allegations of paragraph 3 and they demand strict proof thereof.

4. Defendants have insufficient knowledge to either admit or deny the allegations of paragraph 4 and they demand strict proof thereof.

5. Defendants have insufficient knowledge to either admit or deny the allegations of paragraph 5 and they demand strict proof thereof.

6. Defendants have insufficient knowledge to either admit or deny the allegations of paragraph 6 and they demand strict proof thereof.

7. Defendants admit the allegations of paragraph 7.

8. Defendants admit the allegations of paragraph 8.

9. Defendants admit the allegations of paragraph 9.

10. Defendants have insufficient knowledge to either admit or deny the allegations of paragraph 10 and they demand strict proof thereof.

11. Defendants admit the allegations of paragraph 11.

12. Defendants admit the allegations of paragraph 12.

13. Defendants admit the allegations of paragraph 13.

14. Defendants admit that the State of Missouri and the State of Illinois have concurrent jurisdiction over acts occurring over the Mississippi River.

15. Defendants admit that there is a complete diversity of citizenship and the amount in controversy is alleged to be in excess of $75,000.

16. Defendants admit the allegations of paragraph 16.

17. Defendants admit that V.A.M.S§ 506.500 is the Missouri Long-Arm Statute. Defendants deny the remaining allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18.

## COUNT I
### NEGLIGENCE, CARELESSNESS AND RECKLESSNESS
### of KENNTH L. DAVIS, JR.

19-33. Defendants make no answer to Count I of plaintiff's Amended Complaint for Wrongful Death for the reason that the count is not directed to these defendants. To the extent that any allegation in Count I is deemed directed to these defendants, that allegation is denied.

## COUNT II
### NEGLIGENCE, CARELESSNESS AND RECKLESSNESS
### of WILLIAM DAVIS

34. Defendant realleges his responses to paragraphs 1 through 33 of plaintiff's Amended Complaint for Wrongful Death as if fully set forth herein.

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41 and each and every subparagraph thereof.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

WHEREFORE defendant prays for judgment in his favor and against plaintiffs and for such other relief the Court deems just.

**DEFENDANTS DEMAND TRIAL BY JURY.**

**AFFIRMATIVE DEFENSES**

1. Further answering, this Court lacks personal jurisdiction over defendant William Davis.

2. Further answering, venue in Missouri is improper as the injury giving rise to this suit occurred in Illinois.

3. Further answering, plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

4. Further answering, defendant states that any allegation or averment contained in plaintiffs' Amended Complaint for Wrongful Death for damages not here and above specifically admitted are hereby denied.

5. Further answering, as this defendant's first form of defense, defendant state that any damages or injuries sustained or suffered by plaintiffs at the time and place and on the occasion mentioned in plaintiffs' Amended Complaint for Wrongful Death, which defendant specifically denies, or caused in error in part or contributed to by the negligence or fault or want of care by third-parties for whom this defendant is not responsible and not by any negligence or fault or want of care on the part of this defendant. Defendant further states that although this defendant denied liability and has alleged that any injury that plaintiffs sustained were a direct and proximate result of the carelessness and negligence of a third-party, any verdict that plaintiffs obtained should be reduced in direct proportion to the comparative fault of the plaintiff.

**COUNT III**

**NEGLIGENCE, CARELESSNESS AND RECKLESSNESS
of WILLIAM DAVIS**

46. Defendant realleges its responses to paragraphs 1 through 45 of plaintiff's Amended Complaint for Wrongful Death as if fully set forth herein.

47. Defendant admits the allegations of paragraph 47.

48. Defendant admits the allegations of paragraph 48.

49. Defendant admits the allegations of paragraph 49.

50. Defendant admits the allegations of paragraph 50.

51. Defendant admits the allegations of paragraph 51.

52. Defendant admits the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

54. Defendant admits the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55 and each and every subparagraph thereof.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58 and each and every subparagraph thereof.

59. Defendant denies the allegations of paragraph 59.

60. Defendant denies the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61.

62. Defendant denies the allegations of paragraph 62.

WHEREFORE defendant prays for judgment in its favor and against plaintiffs and for such other relief the Court deems just.

**DEFENDANTS DEMAND TRIAL BY JURY.**

## AFFIRMATIVE DEFENSES

1. Further answering, this Court lacks personal jurisdiction over defendant William Davis.

2. Further answering, venue in Missouri is improper as the injury giving rise to this suit occurred in Illinois.

3. Further answering, plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

4. Further answering, defendant states that any allegation or averment contained in plaintiffs' Amended Complaint for Wrongful Death for damages not here and above specifically admitted are hereby denied.

5. Further answering, as this defendant's first form of defense, defendant state that any damages or injuries sustained or suffered by plaintiffs at the time and place and on the occasion mentioned in plaintiffs' Amended Complaint for Wrongful Death, which defendant specifically deny, or caused in error in part or contributed to by the negligence or fault or want of care by third-parties for whom this defendant is not responsible and not by any negligence or fault or want of care on the part of this defendant.  Defendant further states that although this defendant denied liability and has alleged that any injury that plaintiffs sustained were a direct and proximate result of the carelessness and negligence of a third-party, any verdict that plaintiffs obtained should be reduced in direct proportion to the comparative fault of the plaintiff.

Respectfully Submitted,

**BOYLE BRASHER LLC**

BY:   /s/ Kenneth L. Halvachs
       Kenneth L. Halvachs, # 34952MO
       5000 West Main Street, PO Box 23560
       Belleville, IL 62223-0560
       (618)277-9000 / Fax: (618)277-4594
       khalvachs@boylebrasher.com
       **ATTORNEYS FOR DEFENDANTS,**
       **WILLIAM DAVIS, and**
       **WILLIAM DAVIS LOGGING, INC.**

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| KRISTEN BROWN, and | ) | |
| R.B., an minor, By his Next Friend | ) | |
| KRISTEN BROWN, and | ) | |
| A.B., a minor, By his Next Friend | ) | |
| KRISTEN BROWN, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:12CV00649AGF |
| | ) | |
| Vs. | ) | |
| | ) | |
| KENNETH L. DAVIS, JR. and | ) | **Jury Trial Demanded** |
| WILLIAM DAVIS, and | ) | |
| WILLIAM DAVIS LOGGING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I certify that on **April 3, 2013**, I electronically filed defendants William Davis and William Davis Logging, Inc.'s **Answer to Plaintiffs' Amended Complaint for Wrongful Death** with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following:

- **David A. Dimmit**
  david@wkllc.com, dhill@wkllc.com

- **James E. DeFranco**
  defranco@defrancolaw.com, meyer@defrancolaw.com

**BOYLE BRASHER LLC**

BY:  /s/ Kenneth L. Halvachs
Kenneth L. Halvachs, # 34952MO
5000 West Main Street, PO Box 23560
Belleville, IL 62223-0560
(618)277-9000 / Fax: (618)277-4594
khalvachs@boylebrasher.com
**ATTORNEYS FOR DEFENDANTS,
WILLIAM DAVIS, and
WILLIAM DAVIS LOGGING, INC.**