UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KRISTEN BROWN, individually, and as next friend, et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:12CV00649 AGF |
|  | ) |  |
| KENNETH L. DAVIS, JR., et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This wrongful death action is before the Court on the renewed motion (Doc. No. 137) of Defendants William Davis and William Davis Logging, Inc. (the "Corporation") for judgment as a matter of law ("JMOL"), or in the alternative, for a new trial. For the reasons set forth below, the motion shall be denied. However, the Court will set aside the jury's finding in its verdict that the Corporation is liable for the negligence of Defendant Kenneth L. Davis, Jr.

## BACKGROUND

This action was filed by Plaintiff Kristen Brown, individually and on behalf of her two sons, R.B. and A.B., for the death of her husband, Kyle Brown ("Kyle"). Plaintiffs claimed that Kyle died following a collision on the Champ-Clark Bridge, which crosses the Mississippi River at Louisiana, Missouri. Plaintiffs alleged that Kyle was driving east over the Champ-Clark Bridge and that Kenneth Davis was driving west over the bridge, in a truck with a trailer loaded with a log skidder. The log skidder was owned by the

Corporation and was being shipped for delivery to a purchaser. Plaintiffs alleged that William Davis, an agent of the Corporation, agreed to drive ahead of Kenneth Davis across the bridge to verify the bridge was clear and to block any eastbound traffic from entering the bridge, but that William Davis failed to perform these duties. Thus, Plaintiffs alleged that Kyle's vehicle entered the bridge while Kenneth Davis was crossing, and the log skidder being transported by Kenneth Davis struck the bridge, became dislodged, and landed on Kyle's vehicle, killing him.

Plaintiffs claimed that Kenneth Davis was reckless and negligent in his operation of the truck; that William Davis was reckless and negligent in failing to stop or warn oncoming traffic and failing to properly advise Kenneth Davis of oncoming traffic on the bridge; and that the Corporation was vicariously liable for the negligence of both William Davis and Kenneth Davis. Plaintiffs also alleged that the Defendants' actions were willful, wanton, and performed in reckless disregard for the safety of others, making Defendants liable for aggravating circumstances.

The jury trial commenced on June 16, 2014. Kenneth Davis admitted his negligence and that his negligence caused Kyle's death, but denied that his actions were willful, wanton, or in reckless disregard for the safety of others. William Davis and the Corporation denied that they were negligent and denied any liability to Plaintiffs.

Evidence was presented that Kenneth Davis was an independent contractor for the Corporation; that Kenneth Davis did not receive any salary or benefits from the Corporation; and that he operated a trucking company and performed services for both the Corporation and other customers. On the date of the accident, Kenneth Davis was

driving a truck owned by William Davis, but which he operated under his own Department of Transportation number, and which he utilized in conducting his own business, Ken Davis Trucking. The only signage on the truck was that of Ken Davis Trucking. Kenneth Davis had been hired by the Corporation to pick up the log skidder and store it until William Davis was ready to sell it. Kenneth Davis alone picked up the log skidder, loaded it onto his trailer, and transported it to his lot. He was then hired by William Davis to transport it out of state to a buyer. Kenneth Davis loaded the log skidder onto the trailer without any involvement by William Davis. He alone determined how to load and secure the log skidder, and could have made the decisions to use flags or wide load signage. And Kenneth Davis alone determined the manner and speed in which he operated the truck.

Although the Corporation denied any control over Kenneth Davis, the Corporation admitted that William Davis was its agent. Evidence was also presented that William Davis agreed to cross the bridge in front of Kenneth Davis and advise him that the bridge was clear and/or block any eastbound traffic from entering the bridge while Kenneth Davis drove across; that William Davis left the scene for at least a few minutes to go to a gas station; that William Davis told Kenneth Davis the bridge was clear when, in fact, Kyle was proceeding east on the bridge; that William Davis did not block Kyle from proceeding east on the bridge; and that William Davis did not warn Kenneth Davis that any vehicle was proceeding east on the bridge. William Davis presented contrary evidence that he only told Kenneth Davis that he would warn of oncoming trucks, that

Kyle was not driving a truck, and that there was sufficient room for Kyle's vehicle to pass safely across the bridge had Kenneth Davis not overcorrected and struck the bridge.

At the close of Plaintiffs' evidence, Defendants William Davis and the Corporation moved for a directed verdict, and at the close of all evidence, these Defendants moved for JMOL. In both motions, William Davis and the Corporation argued that Plaintiffs failed to establish William Davis's individual liability because there was no evidence that William Davis undertook any duty, increased the risk of harm, or directly caused Kyle's death. Further, these Defendants argued that because William Davis was only acting as a representative of the Corporation, William Davis could not be held individually liable. Finally, they argued that the Corporation could not be held vicariously liable for Kenneth Davis's negligence because the uncontroverted evidence showed that Kenneth Davis was an independent contractor, and there was no evidence that the Corporation controlled Kenneth Davis's operation of the truck. The Defendants conceded, however, that the Corporation could be held vicariously liable for William Davis's actions because of the admitted agency between William Davis and the Corporation.

The Court denied the motions for directed verdict and JMOL. The Court found that there was sufficient evidence for the jury to conclude that William Davis was individually liable, and Defendant Corporation was vicariously liable for William Davis's actions. The Court did note that it had "very serious concerns" regarding whether the Corporation could be vicariously liable for Kenneth Davis's actions because it was "doubtful that there [was] enough evidence in this record to support" a finding of agency

as between the Corporation and Kenneth Davis. (Doc. No. 140 at 132, 141.) However, the Court allowed this issue to be submitted to the jury as well because the Court was not in a position to grant JMOL regarding any agency between Kenneth Davis and the Corporation without a more careful review of the record. (*Id.* at 139-41.)

During closing arguments, Defendants William Davis and the Corporation also made an oral motion for a mistrial after Plaintiffs' counsel stated to the jury that Kyle's life was worth more than $700,000. The Court denied the motion for mistrial, but instructed the jury to disregard the comment.

The jury received 14 jury instructions before retiring to deliberate. Instruction No. 7 advised the jury that its verdict must be for Plaintiffs and against William Davis if the jury believed, first, that William Davis undertook or agreed to participate in the process of transporting the log skidder over the Champ-Clark bridge; second, that William Davis either failed to stop or warn oncoming traffic when he agreed to do so, or failed to properly advise Kenneth Davis of oncoming traffic when he undertook to do so; third, that William Davis was negligent in any one or more of these respects; fourth, that William Davis's negligence increased the risk of harm; and fifth, that as a direct result of such negligence, Kyle died. (Doc. No. 129 at 8.) Instruction No. 9 informed the jury that the verdict must be for Plaintiffs and against the Corporation if the jury found for Plaintiffs on Instruction No. 7. (*Id.* at 10.) And Instruction No. 10 advised the jury that it must find the Corporation responsible for any negligence of Kenneth Davis if it believed that Kenneth Davis was transporting the log skidder within the "scope and course of agency" of the Corporation, meaning (1) the action was performed by Kenneth Davis to

serve the business of the Corporation according to an express or implied agreement with the Corporation; and (2) the Corporation either controlled or had a right to control the physical conduct of Kenneth Davis. (*Id.* at 11.) Instruction No. 10 was derived from Missouri Approved Instructions No. 13.06 (Scope of Agency—Servant or Independent Contractor).

Defendants William Davis and the Corporation objected to Instructions 7, 9, and 10, arguing that they were incomplete statements of the law and were not supported by sufficient evidence, and Defendants offered instead a proposed instruction outlining factors for determining agency as derived from the Restatement of the Law of Agency. The Court overruled Defendants' objections to the jury instructions, holding that the instructions were proper statements of the law and were supported by the evidence in this case.

The jury returned a verdict on June 19, 2014. (Doc. No. 130.) In sections I through III of the verdict form, the jury found in favor of Plaintiffs and against Defendants Kenneth Davis, William Davis, and the Corporation, and the jury found Plaintiffs' total damages to be $3,000,000. In section IV of the verdict form, the jury found that the Corporation was responsible for the negligence of Kenneth Davis, as described in Instruction No. 10. Finally, in sections V and VI, the jury found that Kenneth Davis was not liable for aggravating circumstances, but that William Davis was liable for aggravating circumstances. However, the jury did not assess any additional damages against William Davis for such aggravating circumstances. (Doc. No. 132.)

On June 20, 2014, the Court entered judgment in favor of Plaintiffs and against Defendants Kenneth Davis, William Davis, and the Corporation, jointly and severally, in the amount of $3,000,000. (Doc. No. 133.)

Defendants William Davis and the Corporation filed this renewed motion for JMOL on July 17, 2014. As in their initial motion, Defendants argue that they are entitled to JMOL because (1) there was insufficient evidence for the jury to find William Davis individually liable for Kyle's death; (2) any actions or omissions of William Davis were done as a representative of the Corporation, so William Davis cannot be held individually liable; (3) if William Davis cannot be found individually liable, the Corporation is also entitled to judgment on any claim for vicarious liability for William Davis's actions; and (4) there was insufficient evidence for the jury to find that the Corporation was vicariously liable for the admitted negligence of Kenneth Davis. In the alternative, Defendants William Davis and the Corporation argue that the Court should grant a new trial on the issue of liability because the Court erred in giving Instructions No. 7, 9, and 10 and in failing to give the proposed instruction on the Restatement factors for determining agency; and the Court erred in denying the motion for a mistrial.

In response, Plaintiffs concede that they can "cite the Court to no evidence to support a finding that [the Corporation] controlled or had a right to control the actual physical manner in which Kenneth Davis, Jr. actually operated the truck in driving across the bridge." (Doc. No. 139 at 3.) However, Plaintiffs argue that this fact does not negate the vicarious liability of the Corporation for the separate negligence of William Davis, resulting from the admitted agency between William Davis and the Corporation.

Plaintiffs argue that there was sufficient evidence for the jury to conclude that William Davis was individually liable for Kyle's death, and William Davis cannot escape individual liability merely because he was acting as a representative of the Corporation. Finally, Plaintiffs argue that the jury instructions given were proper statements of the law and were supported by the evidence, and that the Court did not err in denying Defendants' motion for mistrial during closing arguments.

## **DISCUSSION**

Federal Rule of Civil Procedure 50(b) states that, when ruling on a renewed motion for JMOL, "the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." In considering a renewed motion for JMOL, a court "must affirm the jury's verdict unless, viewing the evidence in the light most favorable to the prevailing party, [the court] conclude[s] that a reasonable jury could not have found for that party." *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 865 (8th Cir. 2006) (citation omitted).

### **Individual Liability of William Davis**

Upon review of the record, the Court concludes that the renewed motion for JMOL on the issue of William Davis's individual liability must be denied for the same reasons the Court denied the initial motion for JMOL. There was sufficient evidence in the record from which a reasonable jury could conclude that William Davis undertook a duty to proceed ahead of Kenneth Davis and either advise Kenneth Davis that the bridge was clear, or take the further step of blocking eastbound traffic on the bridge; that Kenneth Davis regulated his own conduct based on this undertaking by William Davis;

that William Davis advised Kenneth Davis that the bridge was clear when it was not; that William Davis failed to block eastbound traffic; and that William Davis's actions, or omissions, in this regard increased the risk of harm and was a direct cause of Kyle's death. Viewed in the light most favorable to Plaintiffs, this evidence would allow a reasonable jury to conclude that William Davis was individually liable for Kyle's death.

The Court rejects the argument that William Davis cannot be held individually liable because he was acting as a representative of the Corporation. "An individual is not protected from liability simply because the acts constituting the tort were done in the scope and course, and pertained to, the duties of his employment." *State ex rel. Doe Run Res. Corp. v. Neill*, 128 S.W.3d 502, 505 (Mo. 2004) (citation omitted); *see also M.J. v. Wash. Univ. in St. Louis Physicians*, No. 4:12CV341, 2012 WL 1554925, at *2 (E.D. Mo. May 1, 2012) (same); *Wright v. Hannan & Everitt, Inc.*, 81 S.W.2d 303, 304 (Mo. 1935) ("An agent or servant is not exempt from liability to third persons for his negligence merely because he represents the master."). "If the rule were otherwise, the agent of a corporation could shield himself from liability for almost every kind of wrong, provided he was acting in the capacity of agent." *State ex rel. Doe Run Res. Corp.*, 128 S.W.3d at 505. Rather, "a corporate officer may be held individually liable for tortious corporate conduct if he or she had actual or constructive knowledge of, and participated in, an actionable wrong." *Id.* Plaintiffs alleged, and the jury found, that William Davis had actual knowledge of and participated directly in an actionable wrong by failing to perform the duties he personally undertook. That William Davis acted as an agent of the

Corporation makes the Corporation jointly liable, but does not immunize William Davis from his own, individual liability.

**<u>Vicarious Liability of Corporation for Actions of Kenneth Davis</u>**

The Court's review of the record does, however, alter its conclusion regarding the Corporation's vicarious liability for the actions of Kenneth Davis. The Court repeatedly expressed its concerns regarding the sufficiency of the evidence to establish an agency relationship between the Corporation and Kenneth Davis. Upon a more careful review of the record, the Court finds that its concerns were well founded. The uncontroverted evidence established that Kenneth Davis was responsible for loading the log skidder, independently determined the speed and manner in which he operated the truck, and was not under any control by the Corporation in this regard. Indeed, Plaintiffs concede there is no evidence to support any finding that the Corporation controlled or had the right to control the actions of Kenneth Davis in operating the truck. As such, the Court concludes that the jury's finding that the Corporation was liable for Kenneth Davis's actions is not supported by record evidence. Therefore, the Court will set aside the jury's finding in section IV of the verdict that the Corporation was responsible for the negligence of Kenneth Davis.

However, setting aside the jury's finding in section IV of the verdict does not entitle the Corporation to judgment as a matter of law or a new trial. Judgment against the Corporation may be sustained on its vicarious liability for William Davis's actions alone, and William Davis and the Corporation are both still jointly and severally liable to Plaintiffs in the amount of $3,000,000.

**Jury Instructions and Motion for Mistrial**

The Court rejects William Davis and the Corporation's other reasserted arguments regarding the jury instructions and motion for mistrial, for the reasons stated on the record. Any harm to Defendants from the Plaintiffs' statement in closing argument that Kyle's life was worth more than $700,000 was cured by the Court's directive that the jury disregard the statement, and the jury's proper instructions regarding the award of actual damages.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' renewed motion for judgment as a matter of law, or in the alternative, for a new trial, is **DENIED**. (Doc. No. 137.)

**IT IS FURTHER ORDERED** that the jury's finding in section IV of the verdict is **SET ASIDE** as unsupported by the evidence.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of October, 2014.