UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTEN BROWN, individually, and as next friend, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:12CV00649 AGF |
| KENNETH L. DAVIS, JR., et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion (Doc. No. 146) of Plaintiff Kristen Brown, individually and as next friend of minor Plaintiffs A.B. and R.B. (collectively, "Plaintiffs") to apportion the $3,000,000 jury verdict in this case, pursuant to Mo. Rev. Stat. § 537.095.3. The Court held a hearing on this matter on January 26, 2015.

**BACKGROUND**

Plaintiff Kristen Brown was appointed by the Court as next friend of her children, minor Plaintiffs A.B. and R.B., in this wrongful death action arising from the death of her husband, Kyle Brown. (Doc. No. 68.) All Plaintiffs were represented by the same counsel through trial.

On June 19, 2014, a jury returned a verdict in favor of Plaintiffs and against Defendants Kenneth Davis, Jr., William Davis, and William Davis Logging, Inc. (Doc. No. 130.) The jury found Plaintiffs' total damages to be $3,000,000. *Id.* The Court entered judgment on the verdict on June 20, 2014. (Doc. No. 133.) On October 24, 2014, the Court denied Defendants' renewed motion for judgment as a matter of law, and on December 22,

2014, Defendants filed a notice of appeal.[1]  (Doc. Nos. 142 & 149.)

On December 15, 2014, after the entry of judgment but before Defendants filed their notice of appeal, Plaintiffs moved for the Court to apportion the verdict, pursuant to Mo. Rev. Stat. § 537.095.3.  (Doc. No. 146.)  In order to determine the best interests of minor Plaintiffs A.B. and R.B. at the apportionment stage, Plaintiffs' counsel moved, with the consent of all Plaintiffs, for the appointment of a guardian ad litem.  (Doc. No. 156.)  On January 16, 2015, the Court appointed Sarah Pleban as guardian ad litem for A.B. and R.B. for the purpose of representing the minor Plaintiffs' interests at the apportionment stage. (Doc. No. 157.)  All Plaintiffs agreed that Ms. Pleban's fees of $300 per hour would be paid out of the distributive shares of Plaintiffs A.B. and R.B.  (Doc. No. 156.)  At the hearing, Ms. Pleban testified that she invoiced a total of $720 for her services in this case, but she offered to reduce her fees to half that amount, or $360.

The motion seeks apportionment among the Plaintiffs, who are the wife and only surviving children of the decedent, in proportion to the losses each suffered.  The motion also seeks to deduct from Plaintiffs' respective portions of the judgment an award of attorneys' fees and expenses in the amount contracted by the parties.  In support of the motion for apportionment, Plaintiffs state that, other than Plaintiffs, the only living persons entitled to recover under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080.1, are decedent's parents, and Plaintiffs have submitted verified waivers signed by both parents waiving all rights to participate in the wrongful death judgment. (Doc. No. 146-1.)  Plaintiffs also state that they have no notice of any outstanding liens applicable to this action.

---

[1]  The Court granted Defendants' unopposed motion for extension of time to file a notice of appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(5). (Doc. No. 145.)

Plaintiffs have filed a proposed plan for apportionment, agreeing that an apportionment of one third (33 1/3 %) of the judgment to each Plaintiff would serve the interests of all Plaintiffs. At the hearing, Ms. Pleban confirmed that she believes this apportionment would serve the best interests of A.B. and R.B.

Plaintiffs' attorneys have also requested attorneys' fees in the amount of 33 1/3% of the total recovery, as well as reimbursement of their costs and expenses advanced in this matter. The contingent fee contract between Plaintiffs and counsel, which has been submitted to the Court for review, states that the attorneys' fees shall be calculated as follows:

> 10% of all amounts recovered from liability insurance policies covering [Defendant] Kenneth L. Davis, ***provided*** the total Attorneys' time to recover from said insurance policies is less than 300 hours. If more than 300 hours of Attorneys' time is expended to recover the amounts from all liability insurance policies covering Kenneth L. Davis, the attorney fee shall be 33 1/3% of the total amount recovered from all insurance policies covering Kenneth L. Davis; [and]
>
> 33 1/3% of all amounts recovered from all other sources[.]

(Doc. No. 158-1.) Plaintiffs' attorneys have testified that they spent more than 300 hours of work on this case.

The contract further provides that the legal fees shall be shared between the two law firms representing Plaintiffs, Witzel, Kanzler, Dimmitt & Kanzler, L.L.C. ("Witzel") and Lewis, Rice & Fingersh, L.C. ("Lewis Rice"),[2] with Witzel to receive two thirds of the fees,

---

[2] Plaintiffs were originally represented by Witzel and The Stolar Partnership, but Lewis Rice replaced The Stolar Partnership, and the contingent fee contract was amended to reference Lewis Rice instead of The Stolar Partnership. (Doc. No. 158-2.) The amendment provides that any legal fees to which the Stolar Partnership may be entitled for its prior work under the original contract shall be paid out of Lewis Rice's share of the fees. *Id.*

and Lewis Rice to receive the remaining one third. (Doc. No. 158-2.)

Regarding costs, the contingent fee contract provides that Plaintiffs shall reimburse counsel for costs and expenses out of their portions of recovery to the extent their portions of recovery are sufficient to satisfy the costs and expenses. (Doc. No. 158-1 at 1.) Plaintiffs' attorneys have submitted affidavits testifying that the total amount of costs and expenses advanced in this matter is $11,412.10, of which $3,622.09 has already been awarded as costs by the Court (Doc. No. 138) and paid to Plaintiffs' attorneys. Therefore, the total amount of costs and expenses that remains due is $7,790.01.

Plaintiffs have received a check for $705,000.00 as partial satisfaction of the judgment from the liability insurance policy covering Defendant William Davis. (Doc. No. 158-3.)

## DISCUSSION

Section 537.095.3 of the Missouri Revised Statutes states that, "in any action for damages under section 537.080," the wrongful death statute under which Plaintiffs brought suit in this case, "the trier of the facts shall state the total damages found . . . . The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court." Mo. Rev. Stat. § 537.095.3.

After apportioning the verdict, the trial court must then order the claimant to do the following:

> (1) To collect and receipt for the payment of the judgment;
>
> (2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted, or if there is no contract, or if the party sharing in the proceeds has no attorney representing him before the rendition

of any judgment or settlement, then the court may award the attorney who represents the original plaintiff such fee for his services, from such persons sharing in the proceeds, as the court deems fair and equitable under the circumstances;

(3) To acknowledge satisfaction in whole or in part for the judgment and costs;

(4) To distribute the net proceeds as ordered by the court; and

(5) To report and account therefor to the court. In its discretion the court may require the claimant to give bond for the collection and distribution.

Mo. Rev. Stat. § 537.095.4.

The trial court is required to apportion damages before allocating attorneys' fees, and the court must then order payment of attorneys' fees as contracted. *Hess v. Craig*, 43 S.W.3d 457, 458–59 (Mo. Ct. App. 2001) (citing *Parr v. Parr*, 16 S.W.3d 332, 338 (Mo. 2000)); *Bishop v. Nico Terrace Apartments, LLC*, No. 4:09–CV1718 MLM, 2010 WL 2556846 at *4 (E.D. Mo. June 23, 2010).

Pursuant to Mo. Rev. Stat. §§ 537.095.3-537.095.4 and the evidence and testimony presented in this case, the Court finds each Plaintiff should be apportioned one third (33 1/3%) of the judgment, or $1,000,000. Accordingly, of the $705,000 partial satisfaction of judgment received thus far, each Plaintiff shall receive 33 1/3%, or $235,000.[3]

Next, pursuant to Mo. Rev. Stat. § 537.095.4, the Court orders Plaintiffs, upon collection and receipt of their portions of the judgment, to pay any attorneys' fees and expenses as contracted out of their respective portions. Therefore, out of the $705,000 partial satisfaction of judgment received thus far, each Plaintiff shall pay $78,333.33 in attorneys' fees, totaling $235,000, and $2,596.67 in costs and expenses, totaling $7,790.01.

---

[3] At the request of Plaintiffs and Ms. Pleban, the Court will order the funds apportioned to Plaintiffs A.B. and R.B. to be deposited into a restricted account and distributed to A.B. and R.B. when they turn 18 years old, on September 30, 2016.

Further, Plaintiffs A.B. and R.B. shall pay $180 each, totaling $360, in fees for the services of their guardian ad litem, Ms. Pleban.  After making these payments, Ms. Pleban's fees and the costs and expenses advanced by Plaintiffs' attorneys in this matter will be fully satisfied.  However, Plaintiffs will continue to be required to pay attorneys' fees out of their respective portions of any future amounts recovered as satisfaction of the judgment.

Plaintiffs' attorneys have represented that the total amount of $7,790.01 in costs and expenses shall be paid to Witzel; and the attorneys' fees recovered out of the $705,000 partial satisfaction of judgment shall be distributed as follows:  $156,667.00 to Witzel and $78,333.00 to Lewis Rice and The Stolar Partnership.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for apportionment of the verdict is **GRANTED**.  (Doc. No. 146.)

**IT IS FURTHER ORDERED** that the judgment of $3,000,000 shall be apportioned as follows:  33 1/3% to Plaintiff Kristen Brown ($1,000,000); 33 1/3% to Plaintiff A.B. ($1,000,000); 33 1/3% to Plaintiff R.B. ($1,000,000).

**IT IS FURTHER ORDERED** that the partial satisfaction of judgment of $705,000 shall be apportioned as follows:  33 1/3% to Plaintiff Kristen Brown ($235,000); 33 1/3% to Plaintiff A.B. ($235,000); 33 1/3% to Plaintiff R.B. ($235,000).

**IT IS FURTHER ORDERED** that each Plaintiff shall pay his or her attorneys' fees, costs, and expenses as contracted, to be paid out of his or her respective portion of recovery.  Therefore, out of the $705,000 partial satisfaction of judgment received thus far, Plaintiffs are required to pay fees and costs as follows:

- Plaintiff Kristen Brown is required to pay $78,333.33 in attorneys' fees and $2,596.67 in attorneys' costs and expenses;

- Plaintiff A.B. is required to pay $78,333.33 in attorneys' fees, $2,596.67 in attorneys' costs and expenses, and $180 for the services of his guardian ad litem, Sarah Pleban; and

- Plaintiff R.B. is required to pay $78,333.33 in attorneys' fees, $2,596.67 in attorneys' costs and expenses, and $180 for the services of his guardian ad litem, Sarah Pleban.

**IT IS FURTHER ORDERED** that Plaintiffs shall continue to pay their attorneys' fees as contracted, in the amount of 33 1/3% of any amount recovered, to be paid out of each Plaintiff's respective portion of recovery.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel shall distribute the proceeds of attorneys' fees, costs, and expenses received out of the $705,000 partial satisfaction of judgment as follows:

- $156,667 in attorneys' fees and $7,790 in costs and expenses to Witzel, Kanzler, Dimmitt & Kanzler, L.L.C.;

- $78,333 in attorneys' fees to The Stolar Partnership and Lewis, Rice & Fingersh, L.C.

**IT IS FURTHER ORDERED** that all funds apportioned to minor Plaintiff A.B. shall be received by Plaintiff Kristen Brown as next friend, and after deducting the attorneys' fees, guardian ad litem fees, and costs and expenses discussed above, Plaintiff Kristen Brown shall deposit the funds into a restricted account with a federally insured bank, such funds to be restricted from withdrawal, except upon order of this Court, until September 30, 2016, at which time said funds shall be delivered to Plaintiff A.B.

**IT IS FURTHER ORDERED** that all funds apportioned to minor Plaintiff R.B. shall be received by Plaintiff Kristen Brown as next friend, and after deducting the attorneys' fees,

guardian ad litem fees, and costs and expenses discussed above, Plaintiff Kristen Brown shall deposit the funds into a restricted account with a federally insured bank, such funds to be restricted from withdrawal, except upon order of this Court, until September 30, 2016, at which time said funds shall be delivered to Plaintiff R.B.

**IT IS FURTHER ORDERED** that Plaintiff Kristen Brown, individually and as next friend for Plaintiffs A.B. and R.B., shall execute a partial satisfaction of judgment for the amount of $705,000 upon such funds being received from Progressive Premier Insurance Company of Illinois. After the amounts set forth herein have been distributed, Plaintiff Kristen Brown shall report to the Court advising that the payments have been distributed as ordered herein.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of January, 2015.